IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GIACOMO AMARI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:07-cv-1616-WTL-TAB |
| ) | |
| C.R. ENGLAND, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION
TO STRIKE UNTIMELY EXPERT OPINION AND REPORT**

**I.   Introduction**

As Judge Evans wrote in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996), "We live in a world of deadlines.  If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us."  Unfortunately for Plaintiff Giacomo Amari, "[t]he practice of law is no exception." *Id.*  After previously receiving three extensions of the Case Management Plan deadline, Amari again seeks to amend the CMP in order to supplement his initial expert report months after the February 19, 2010, expert disclosure deadline.  Defendants counter that a supplemental report would greatly prejudice them given that the trial is set for August 23, 2010.  Because Amari has not shown excusable neglect or otherwise adequately justified his delay, the Court grants Defendants' motion to strike his untimely expert opinion and report [Docket No. 89], grants Defendants' motion to deny his motion to amend [Docket No. 96], and denies his motion to amend the CMP to allow the supplemental report.  [Docket No. 92.]

**II.     Background**

This lawsuit stems from a November 2005 accident during which two tractor trailers collided with Amari's vehicle on Interstate 70, causing multiple injuries. One tractor trailer was operated by Defendant Kenneth Williams of Defendant C.R. England; the other, by Defendant Richard Isaacs of Defendant Crete Carrier. [Docket No. 15 at 2; Docket No. 16 at 1–2.]

Over the past seventeen months, the Court has extended the CMP deadline for expert reports three times [Docket No. 45; Docket 76; Docket No. 82], and Amari now seeks to extend the February 19, 2010, deadline yet again to allow for supplementation of Dr. Robert Margolis's opinion. [Docket No. 92.] Amari contends that new medical information that was unavailable before Dr. Margolis's first report necessitates an update. [Docket No. 91 at 6–8.] Dr. Margolis concluded in his January 2010 report that there was no connection between Amari's hydromyelia[1] and the accident. [*Id.*, Ex. 1 at 10.] On April 19, 2010, Amari asked Dr. Margolis to amend his report based upon allegedly new information. [*Id.*, Ex. 13.] In his May 12, 2010, supplemental expert report, Dr. Margolis opined that "[e]vidence now supports that [Amari's] thoracic hydromyelia with associated pain for which he is continuing to see pain management was in fact caused by the accident." [*Id.*, Ex. 2.]

Amari contends that Dr. Margolis's May 12 report is proper supplementation under Federal Rule of Civil Procedure 26(e). Alternatively, Amari argues that the supplemental report will not unduly prejudice Defendants because they were allegedly aware of the issue through prior discovery and correspondence. The prior discovery included Dr. Bennett Greenspan's

---

[1] Hydromyelia is a fluid collection in the spinal cord. The condition may be congenital or caused by injuries. [Docket No. 91, Ex. 8 at 7.]

February 12, 2010, report opining that Amari's condition was not congenital but was caused after the accident; Dr. Bunnie Richie's April 12, 2010, report concluding the hydromyelia was caused by the accident; and Dr. Arthur Schurgin's April 16, 2010, deposition testimony that the accident caused Amari's hydromyelia.  [Docket No. 91 at 2.]  Further, Amari believes he alleviated potential unfair surprise on April 16, 2010, by informing Defendants of his intention to supplement Dr. Margolis's original report.  [*Id.* at 9.]

Defendants oppose any extension and seek to strike Dr. Margolis's second report.[2] Defendants contend that Dr. Margolis's report cannot be labeled supplemental because it "directly contradicts" his previous report using new medical records and reports.  [Docket No. 90 at 8–10.]  Defendants also argue that Amari's delay is inexcusable, unjustified, and harmful.

Defendants allege that Amari has not shown excusable neglect for his delay in requesting to amend the CMP.  According to Defendants, Amari was well aware of the expired expert disclosure deadline that has already been extended multiple times [Docket No. 90 at 5–6], and Defendants Crete Carrier and Isaacs even suggest that Amari is attempting to purposefully "circumvent the previously imposed deadlines" by requesting to amend the CMP.  [Docket No. 95 at 2.]  Defendants stress that Amari delayed any request to amend despite his awareness of the need to update the report.  [Docket No. 90 at 5–6.]  Amari was aware of his continuing medical treatment before any deadlines passed, and some of the medical records on which Dr. Margolis relied for his supplemental report existed before the expert deadline, including the January 14,

---

[2]  Although Defendants C.R. England and Williams initially moved to strike [Docket No. 89], Defendants Crete Carrier and Isaacs later requested to join without protest from Amari.  [Docket No. 95.]  The Court therefore grants Defendants Crete Carrier and Isaac's uncontested motion to join Defendants C.R. England and Williams's motion to strike and objection to extending case management deadlines.

3

2010, cervical spine MRI and Dr. Richie's February 4, 2010, EMG and nerve conduction study.[3] [Docket No. 98 at 2–3; Docket No. 91, Ex. 3, Ex. 4.]

Defendants also argue that allowing a supplemental report would prejudice them and further postpone the already delayed trial because allowing Dr. Margolis's supplemental report would necessitate a complete reversal in their strategy. [Docket No. 90 at 7–8; Docket No. 95 at 2.] Defendants state that they "did not retain a neurologist . . . and prepared their defense on the basis that [Amari's] hydromyelia was not related to this accident," and have already deposed seven treating physicians and experts on the same premise. [Docket No. 90 at 7.] Moreover, Defendants claim they have yet to depose Dr. Margolis because of his initial report's conclusions. [Docket No. 95 at 2; Docket No. 98 at 5.] Finally, Defendants argue that allowing the allegedly tide-changing supplemental expert report so soon before trial would leave them on an impossibly tight schedule and might further delay trial. [Docket No. 98 at 5–6.]

## III.   Discussion

Dr. Margolis's second report is not proper supplementation under Rule 26(e). That rule "does not give the producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the 'supplement' label." *Allgood v. Gen. Motors Corp.*, No. 1:02-cv-1077-DFH-TAB, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007). Furthermore, "[t]he purpose of supplementary disclosures is just that—to supplement," and thus "[s]uch disclosures are not intended to provide an extension of the expert designation and report production deadline."

---

[3] Additionally, Dr. Greenspan's letter was prepared before the discovery deadline. But whether the letter was prepared before the expert deadline is uncertain. Both Amari and Defendants claim that Dr. Greenspan's letter was written February 10, 2010, yet the letter attached as Exhibit 5 is dated February 25, 2010. [Docket No. 91, Ex. 5.]

4

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir 1998).  Dr. Margolis's second report makes a 180-degree turn from his original report.  Therefore, it is not supplemental.

      Because Dr. Margolis's second report is not proper supplementation, the Court must consider whether to extend the expert report deadline.  Federal Rule of Civil Procedure 6(b)(1) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  After lapsed deadlines, motions for extensions of time encounter the more strict "excusable neglect" standard, for as Judge Evans observed, "[i]f the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears*, 74 F.3d at 158; *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 464 (7th Cir. 2005).

      Amari has not demonstrated excusable neglect because he was well aware of a need to update Dr. Margolis's report long before the expert disclosure deadline.  Significantly, the Court has already extended the expert disclosure deadline three times [Docket No. 45; Docket No. 76; Docket No. 82], and trial has been continued three times at the parties' requests.  [Docket No. 54; Docket No. 76; Docket No. 79.]  Further extension of the expert report deadline simply is not justified.

      Failing to provide information before a deadline results in disqualification of the use of that information. Fed. R. Civ. P. 37(c)(1).  Moreover, "exclusion of non-disclosed evidence is automatic and mandatory . . . unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).  The Court has broad discretion in

determining whether a violation is justified or harmless, and the Seventh Circuit has identified four helpful factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).  When examining a movant's substantial justification for extending time to make expert witness disclosures, the timing of the request is particularly important.  *Musser*, 356 F.3d at 758–59.

Even though Amari did not act in bad faith, he knew of the need for a second report and informed Defendants in April of his intention to file one.  [Docket No. 91 at 9.]  He did not request to extend the deadline until after Defendants filed their motion to strike [Docket No. 92], and he has not substantially justified his delay.  Permitting Dr. Margolis's report would substantially increase the pretrial burden facing Defendants, who would need to depose Dr. Margolis and revamp their trial strategy, which could include selecting and deposing a new expert of their own.  [Docket No. 98 at 5–6.]  This could push the trial date back even further.  Although this change in course may not surprise Defendants, the accompanying prejudice is unlikely to be cured.

In addition, Amari will not be unduly prejudiced if he is unable to use his supplemental report because Dr. Margolis may still testify as an expert based upon his original expert report.  Further, even if Amari chooses to no longer retain Dr. Margolis, he will still have a number of capable witnesses to testify to his injuries, including Dr. Greenspan and over fifteen treating physicians.  Amari's treating physicians are still capable witnesses as generally, "a treating physician may testify about his or her scope of treatment, observation, and diagnosis without

6

producing an expert report." *Cobble v. Wal-Mart Stores East, L.P.*, No. 1:10-CV-010, 2010 WL 1088513, at *2 (N.D. Ind. Mar. 19, 2010); *see also Musser*, 356 F.3d at 757. For these reasons, Dr. Margolis's supplemental expert report will be excluded.

## VI.     Conclusion

Dr. Margolis's second report is not proper supplementation, and Amari's delay in seeking an extension was inexcusable and without substantial justification or a convincing showing of harmlessness. Therefore, the Court grants Defendants' motion to strike [Docket No. 89], grants Defendants' motion to deny Plaintiff's motion to amend [Docket No. 96], and denies Plaintiff's motion to amend the CMP. [Docket No. 92.] Defendants Crete Carriers and Richard Isaacs's motion to join is granted. [Docket No. 95.]

Dated:  07/21/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Andrew J. Cross
CAREY & DANIS
across@careydanis.com

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Francis J. Flynn
THE LOWE LAW FIRM
casey@jefflowepc.com

Keith A. Gaston
CRUSER, MITCHELL & GASTON, LLC
kgaston@cmlawfirm.com

Gregory A. Hubbard
CRUSER, MITCHELL & GASTON, LLC
ghubbard@cmlawfirm.com

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

Jeffrey J. Lowe
THE LOWE LAW FIRM
jeff@jefflowepc.com

Pamela A. Paige
CRUSER, MITCHELL & GASTON, LLC
ppaige@cmlawfirm.com

Thomas E. Schulte
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
tschulte@scopelitis.com