**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **GIACOMO AMARI, et al.,** )  )  | |
|    **Plaintiffs,** ) )  | |
|       vs. )  )  | **CAUSE NO. 1:07-cv-1616-WTL-TAB** |
| **C.R. ENGLAND, INC., et al.,** )  )  | |
|    **Defendants.** ) | |

## ENTRY REGARDING PENDING MOTIONS

This cause is before the Court on three motions, each of which is addressed, in turn, below.

### *Motion for Clarification (dkt. no. 156)*

The Plaintiffs have filed a motion entitled Motion for Clarification Regarding Court's Order on the Motions in Limine in which they purport to seek clarification regarding the ruling on their motion in limine no. 5. In that motion in limine, the Plaintiffs' prayer for relief was that they "be allowed to examine Dr. Robert P. Margolis relating to this cause of Mr. Amari's hydromyelia if Defendants' counsel elicits testimony from Dr. Margolis relating to his opinion as to the cause of Mr. Amari's hydromyelia." Inasmuch as that requested relief was granted in its entirety, there is nothing about that ruling to be clarified. Rather, the motion for clarification actually seeks clarification regarding the impact of an earlier ruling by Judge Baker, and specifically whether Judge Baker's ruling prohibits "Dr. Margolis from testifying regarding the findings of Dr. Richie's nerve conduction study and January 14, 2010, MRI showing a new disk herniation adjacent to the previous fusion."

In the ruling in question, Judge Baker struck the second expert report of Dr. Margolis on

the ground that it was not a proper supplemental report and therefore was untimely. The reason that Judge Baker believed the report was not supplemental was that it contained a completely opposite opinion regarding the cause of Amari's hydromyelia than he offered in his original report. *See* Order Granting Defendants' Motion to Strike Untimely Expert Opinion and Report (dkt. no. 101) at 5 ("Dr. Margolis's second report makes a 180-degree turn from his original report. Therefore, it is not supplemental.").[1] That is true only of his opinion regarding the cause of Amari's hydromyelia; it is not true of his comments regarding the nerve conduction study and the MRI. Those comments are simply updates of Dr. Margolis's original report; they clearly supplement his opinions to address new medical records that were not available to him (because they did not exist) when he prepared his original report. And as supplements to his expert report, they clearly were timely, as Federal Rule of Civil Procedure 26(e)(2) permits an expert report to be supplemented up until the deadline for pretrial disclosures, which in this case was not until July 23, 2010.

The Defendants' position is that because Judge Baker granted their motion to strike the entire supplemental report Dr. Margolis may not testify about any of the new opinions he expressed in that report. However, it is clear to the Court from reading the briefs that were before Judge Baker, as well as his entry, that his ruling was not directed toward anything other than the opinion regarding hydromyelia. A judge addresses the arguments as they are presented to him, and the parties' briefs spoke only about the propriety of Dr. Margolis changing his opinion regarding hydromyelia. The Court declines to read it as encompassing opinions that clearly were proper and timely supplementation of Dr. Margolis's original report.

The Plaintiffs' motion for clarification is **GRANTED** to the extent that the Court finds

---

[1] The propriety of this ruling is not before the Court, inasmuch as the Plaintiffs did not file a timely objection to it. *See* Federal Rule of Civil Procedure 72(a).

2

that Dr. Margolis is not precluded from testifying at trial regarding his opinions relating to Dr. Richie's nerve conduction study and the January 14, 2010, MRI.

### *Motion for Reconsideration (dkt. no. 165)*

Also before the Court is the Plaintiffs' Motion for Reconsideration Regarding the Court's Order Excluding Photographs of the Vehicle from Trial. This motion simply reiterates the arguments made previously and is **DENIED**.

### *Motion to Join (dkt. 160)*

Defendant Crete Carrier Corp. filed a Motion to Join Defendant C.R. England, Inc.'s Response to Plaintiffs' Submission of Photographs of Plaintiffs' Vehicle to Be Used As Exhibits. That motion is **granted**.

SO ORDERED:  08/19/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification